**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| SHADAY NEELY,<br>Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:26-CV-4-JEM |
| FRANK BISIGNANO, Commissioner of the Social Security Administration,<br>Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Shaday Neely on January 7, 2026, and Plaintiff's Motion for Summary Judgment [DE 13], filed on April 16, 2026. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for benefits or for further proceedings. On July 24, 2026, the Commissioner filed a response, and Plaintiff filed a reply on August 9, 2026. For the following reasons, the Court remands the Commissioner's decision.

## I. Background

On August 9, 2023, Plaintiff filed applications for benefits, with an amended alleged onset date of December 1, 2022. Plaintiff's application was denied initially and upon consideration. On November 6, 2024, and March 20, 2025, an Administrative Law Judge ("ALJ") held telephonic hearings at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On March 28, 2025, the ALJ issued a decision finding that Plaintiff was not disabled. The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2026.

2. The claimant has not engaged in substantial gainful activity since December 1, 2022, the amended alleged onset date.

3. The claimant has the following severe impairments: an affective/anxiety disorder, systemic lupus erythematosus, carpal tunnel syndrome (CTS), and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and/or crawl, as defined in the Selected Characteristics of Occupations (SCO) defined in the revised Dictionary of Occupational Titles (DOT). The claimant can frequently reach, handle and/or finger with the bilateral upper extremities. The claimant should avoid concentrated exposure to humidity and extreme temperatures, and/or pulmonary irritants. The claimant can understand, remember, and carry out simple instructions to perform simple tasks. The work should not involve assembly line type work, or strict hourly quotas.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-49 on the alleged disability onset date.

8. The claimant has a limited education.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability as defined in the Social Security Act from December 1, 2022, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III. Analysis

Plaintiff argues that the ALJ erred in finding that Plaintiff did not meet or medically equal Listing 14.02, dismissed multiple treating source statements and subjective evidence, and cherry-picked evidence. The Commissioner argues that the ALJ's findings were supported by substantial evidence.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id*. Accordingly, Plaintiff must have demonstrated that she met the following criteria to satisfy Listing 14.02 for systemic lupus erythematosus (SLE):

A. Involvement of two or more organs/body systems, with:
   1. One of the organs/body systems involved to at least a moderate level of severity; and
   2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

or

B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
   1. Limitation of activities of daily living.
   2. Limitation in maintaining social functioning.
   3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. pt. 404, subpt. P, app. 1 § 14.02.

In her Listing analysis, the ALJ concluded that the medical evidence failed to establish that Plaintiff's impairments meet or medically equal Listing 14.02 because Plaintiff's weight loss was not involuntary and "the records included no evidence of fever, or malaise, and . . . the longitudinal

record did not support more than moderate limitations in any area." AR 15. The ALJ did not separate her analysis of the Listing under A and B, but Plaintiff argues that there is evidence to support a finding of listing level severity under both subparts. Plaintiff argues that the ALJ ignored treatment records from treating rheumatologist Dr. Reddy specifically stating that Plaintiff suffered from fatigue and malaise. AR 1529-1530. On a chart identifying any clinical findings, laboratory and test results, symptoms and positive signs of the patient's impairment, Dr. Reddy indicated that Plaintiff suffers from severe fatigue and severe malaise. The Commissioner argues that the ALJ appropriately explained the decision to give little weight to Dr. Reddy's determination and reasonably discounted the checkmark indicating malaise. However, the ALJ did not even mention that the record included evidence of malaise and did not explain her reasoning for ignoring or discounting it. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (explaining that the *Chenery* doctrine "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced") (citing *SEC v. Chenery Corp.,* 318 U.S. 80, 87–88 (1943)).

Because the ALJ asserted that the record "included no evidence of fever or malaise" despite the record clearly showing that Plaintiff's treating rheumatologist concluded that she suffered from severe malaise and fatigue, the case must be remanded for the ALJ to determine whether Plaintiff's symptoms satisfy Listing 14.02(A) or 14.02(B). On remand, the ALJ is directed to thoroughly analyze whether Plaintiff's SLE meets or medically equals Listing 14.02 and consider the evidence of malaise and fatigue that was previously not discussed in the listing analysis. If the ALJ determines that Plaintiff's impairments do not meet or medically equal the criteria of a Listing, the ALJ must thoroughly explain that determination.

Because the Court finds that remand is required at Step Three, it does not address the rest of Plaintiff's arguments. On remand, the ALJ is reminded of the "obligation to consider all relevant medical evidence" and to not "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). The Court also reminds the ALJ to take into account "critical differences between activities of daily living and activities in a full-time job," such as the fact that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also, e.g., Punzio*, 630 F.3d at 712 ("[The plaintiff]'s ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace.").

Plaintiff requests remand with an award of benefits. An award of benefits is appropriate if all factual issues have been resolved and the record supports a finding of disability. *Briscoe*, 425 F.3d at 356. In this case, although the ALJ did not sufficiently analyze Listing 14.02, the record does not conclusively show that Plaintiff satisfied the criteria to meet Listing 14.02. Under these circumstances, remand for benefits is not appropriate. *See Allord v. Astrue,* 631 F.3d 411, 417 (7th Cir. 2011) (affirming reversal for re-hearing, rather than an award of benefits, where "contradictory inferences could be drawn from the physicians' testimony"); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) ("the record is not so clear that we can award or deny benefits on appeal").

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Motion for Summary Judgment [DE 13] insofar as a new hearing is requested, and **REMANDS**

this matter for further proceedings consistent with this opinion.

SO ORDERED this 10th day of November, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record